NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000436**
**25-MAY-2021**
**07:54 AM**
**Dkt. 50 SO**

NO. CAAP-19-0000436

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

JONATHAN H. GENDREAU, Respondent-Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAI‘I,
Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3RC19100111K)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Respondent-Petitioner-Appellant Jonathan H. **Gendreau** appeals from the **"Order Affirming Administrative Revocation"** entered by the District Court of the Third Circuit, North and South Kona Division on July 10, 2019.[1]  For the reasons explained below, we affirm the Order Affirming Administrative Revocation.

On December 8, 2018, at about 10:25 p.m., Gendreau flipped his Dodge Ram pickup truck on Highway 190 on Hawai‘i Island.  Gendreau was the only occupant.  Hawai‘i County Police Department officer Johnathan **Rapoza** arrived at the scene.  Officer Rapoza saw that Gendreau had red, watery, glassy eyes; smelled the odor of alcohol coming from Gendreau; and heard that Gendreau "kind of had a slow slurred speech."

---

[1]     The Honorable Wendy M. DeWeese presided.

Officer Rapoza began to perform the Standardized Field Sobriety Tests.  Gendreau displayed six of six clues during the horizontal gaze nystagmus test.  Gendreau told Officer Rapoza he had surgery on his foot and would not be able to perform the walk-and-turn or one-leg stand tests.  Officer Rapoza arrested Gendreau for operating a vehicle under the influence of an intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61.[2]

Gendreau agreed to take a breath test.  Officer Rapoza signed the Sworn Statement of Intoxilyzer Operator reporting Gendreau's alcohol concentration was 0.109 grams of alcohol per 210 liters of breath.  Officer Rapoza issued Gendreau a Notice of Administrative Revocation (**NOAR**) of his driver's license.

The Administrative Driver's License Revocation Office (**ADLRO**) sustained the NOAR on December 14, 2018.  Gendreau requested an administrative hearing.  The hearing was held on January 25, 2019.  A Notice of Administrative Hearing Decision was issued on January 30, 2019.  The ADLRO hearings officer sustained the administrative revocation.

Gendreau filed a Petition for Judicial Review on February 28, 2019.  The petition was heard on May 14, 2019.  The district court entered the Order Affirming Administrative

---

[2]     HRS § 291E-61 (2007) provides, in relevant part:

> **§ 291E-61.  Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]
>
> > . . . .
>
> > (3)   With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Revocation on July 10, 2019. Gendreau's driver's license was revoked until January 8, 2020. This appeal followed.[3]

Our review of a decision by a district court on appeal from an ADLRO administrative hearing decision is a secondary appeal; we must determine whether the district court was right or wrong to affirm the ADLRO hearings officer's administrative revocation of Gendreau's driver's license. Wolcott v. Admin. Dir. of the Courts, 148 Hawaiʻi 407, 413, 477 P.3d 847, 853 (2020). In an appeal from the administrative revocation of a driver's license, the issues before the reviewing court are whether the ADLRO hearings officer: (1) exceeded constitutional or statutory authority; (2) erroneously interpreted the law; (3) acted in an arbitrary or capricious manner; (4) committed an abuse of discretion; or (5) made a determination that was unsupported by the evidence in the record. HRS § 291E-40 (2007).

Gendreau raises three points of error: **(1)** the ADLRO case file did not contain the printout of the Intoxilyzer test result; **(2)** there was no sworn statement from the police officer who assisted with the Intoxilyzer test; and **(3)** Officer Rapoza's sworn statement was false.[4]

1.    **The ADLRO case file need not contain the Intoxilyzer printout.**

HRS § 291E-36 (2007) applies to "Documents required to be submitted for administrative review; sworn statements." The statute provides, in relevant part:

---

[3]    Although the revocation period has expired, the "capable of repetition, yet evading review" exception to the mootness doctrine applies to this appeal. Slupecki v. Admin. Dir. of the Courts, 110 Hawaiʻi 407, 409 n.4, 133 P.3d 1199, 1201 n.4 (2006).

[4]    Gendreau also argues that the Intoxilyzer printout is Brady material, citing Brady v. Maryland, 373 U.S. 83 (1963). That argument, made for the first time in the reply brief, is waived. In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994) (holding that point of error first presented in reply brief is deemed waived because no response could be made by appellee); see Hawaiʻi Rules of Appellate Procedure, Rule 28(d) ("The reply brief shall be confined to matters presented in the answering brief."). We note, however, that "ADLRO proceedings are civil in nature." Gray v. Admin. Dir. of the Court, 84 Hawaiʻi 138, 141 n.5, 931 P.2d 580, 583 n.5 (1997) (citations omitted).

(a)    Whenever a respondent has been arrested for a violation of section 291E-61 . . . and submits to a test that establishes: the respondent's alcohol concentration was .08 or more . . . the following shall be forwarded immediately to the director:

(1)    A copy of the arrest report . . . and the sworn statement of the arresting law enforcement officer or the officer who issued the notice of administrative revocation . . . [;]

. . . .

(2)    In a case involving an alcohol related offense, the sworn statement of the person responsible for maintenance of the testing equipment . . . [;]

. . . .

(3)    In a case involving an alcohol related offense, the sworn statement of the person who conducted the test, stating facts that establish that, pursuant to section 321-161 and rules adopted thereunder:

(A)    The person was trained and at the time the test was conducted was certified and capable of operating the testing equipment;

(B)    The person followed the procedures established for conducting the test;

(C)    The equipment used to conduct the test functioned in accordance with operating procedures and indicated that the respondent's alcohol concentration was at, or above, the prohibited level; and

(D)    The person whose breath or blood was tested is the respondent[.]

For OVUII cases involving alcohol where the respondent has taken a breath test, the required documents include the arrest report, a sworn statement of the arresting officer or the officer who issued the NOAR, a sworn statement of the person responsible for maintenance of the testing equipment, and the sworn statement of the person who conducted the test.  Nothing in HRS § 291E-36 requires that the Intoxilyzer printout be submitted to the ADLRO.  Gendreau cites no other applicable statute or rule.

In this case the Sworn Statement of Arresting Officer and the Sworn Statement of Intoxilyzer Operator both reported

4

Gendreau's test result as 0.109 grams of alcohol per 210 liters of breath. The district court was not wrong to affirm the administrative revocation despite the absence of the Intoxilyzer printout from the ADLRO file.

Even if the Intoxilyzer printout was required for the ADLRO administrative review (which it was not), there was substantial evidence in the record to support a finding that Gendreau flipped his pickup truck "[w]hile under the influence of alcohol in an amount sufficient to impair [his] normal mental faculties or ability to care for [himself] and guard against casualty" in violation of § 291E-61(a)(1), regardless of the alcohol concentration in his breath (which is only relevant to establish a violation of § 291E-61(a)(3)). The district court was not wrong to affirm the administrative revocation.

### 2. Officer Rapoza's Sworn Statement of Intoxilyzer Operator was legally sufficient.

Officer Rapoza testified he was the person who conducted the Intoxilyzer test. Officer Rapoza signed the Sworn Statement of Intoxilyzer Operator. The sworn statement contained all of the statutorily required information.

Gendreau argues that another police officer was involved in his Intoxilyzer test. He testified that the other officer "was getting the breathalyzer machine ready for me to take and then I asked him some questions and he was explaining to me how to blow and everything." He stated the other officer told him the test result.

Officer Rapoza testified that there was another officer present when Gendreau took his breath test, but that he (Officer Rapoza) was "the intox operator." Officer Rapoza explained that he is typically the only officer present during the Intoxilyzer test. In Gendreau's case, the other officer was present for safety reasons because Gendreau was uncooperative, and in the location where the breath test was given there is no partition between the Intoxilyzer operator and the person who was arrested.

The hearings officer found that Officer Rapoza was the Intoxilyzer operator.  Substantial evidence supports the finding. In agency appeals:

> courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the findings of an expert agency dealing with a specialized field.

In re Application of Hawaiian Elec. Co., 81 Hawai'i 459, 465, 918 P.2d 561, 567 (1996) (citation omitted).

Officer Rapoza's Sworn Statement of Intoxilyzer Operator contained all of the information required under HRS § 291E-36(a)(3).  The district court was not wrong to affirm the administrative revocation.

> **3.    The pre-printed title of Officer Rapoza's sworn statement did not affect the hearings officer's credibility assessment.**

Officer Rapoza signed a pre-printed form titled "Sworn Statement of Initial Contact Officer."  Gendreau argues that statement was false because Officer Rapoza was not the first police officer at the accident scene, and therefore all of Officer Rapoza's testimony should be disregarded.

Officer Rapoza testified in the ADLRO hearing that there was at least one other police officer at the scene before he got there.  But this is not a case in which Gendreau was stopped by police; Gendreau stopped himself when he flipped his pickup truck.  Officer Rapoza explained that when he arrived at the scene, Gendreau was with the paramedics (not with the other police officer).  The hearings officer found that Officer Rapoza did not try to mislead anyone.  We do not make credibility determinations in a secondary appeal. Application of Hawaiian Elec. Co., 81 Hawai'i at 465, 918 P.2d at 567.  The district court was not wrong to affirm the administrative revocation.

For the foregoing reasons, the "Order Affirming Administrative Revocation" entered by the district court on July 10, 2019, is affirmed.

DATED:  Honolulu, Hawai'i, May 25, 2021.

On the briefs:

Brian J. De Lima,
Jeremy J. K. Butterfield,
for Respondent-Petitioner-
Appellant.

Dawn E. Takeuchi-Apuna,
Deputy Attorney General,
State of Hawai'i,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge